FILED

2016 Aug-04  PM 03:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RODERICK LAMPKIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NUMBER: |
| | ) | |
| SANTANDER CONSUMER USA, INC., | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; AND | ) | |
| TRANS UNION LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Roderick Lampkin ("Mr. Lampkin" or "Plaintiff"), and with knowledge as to his own acts, upon information and belief and investigation of counsel as to the acts of others, believing such allegations have evidentiary support after a reasonable opportunity for further investigation or discovery alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for actual, statutory and punitive damages, costs and attorneys' fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against Defendants: Santander Consumer USA, Inc.; Equifax Information Services LLC; and TransUnion LLC.

1

2.      Congress, when it enacted the FCRA in 1970, mandated the existence and use of reasonable procedures to assure the maximum accuracy of the personal and financial information concerning consumers compiled and sold to users by consumer reporting agencies ("CRAs").

3.      On December 4, 2003, President George W. Bush signed into law the Fair and Accurate Credit Transactions Act ("FACTA").

> This legislation gives consumers unprecedented tools to fight identity theft and continued access to the most dynamic credit markets in the world. With a free credit report and powerful new tools to fight fraud, consumers have the ability to better protect themselves and their families.[1]

4.      The stated purpose of FACTA is "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

5.      Toward this end, Congress provided "powerful new tools" to consumers, including the right to dispute information due to fraud, obtain free credit reports due to identity theft and the right to request the truncation of Social Security numbers on consumer disclosures (commonly referred to as credit reports).

---

[1]      http://georgewbush-whitehouse.archives.gov/news/releases/2003/12/20031204-3.html      as      of June 14, 2016.

[2]      Pub. L. No. 108-159 (2003)  http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf   as of June 14, 2016.

6.     FACTA also imposes additional duties on consumer reporting agencies to repair the damage done to identity theft victims' credit files by blocking information that is the result of identity theft.

7.     Likewise, the FCRA imposes duties on persons who furnish information to CRAs ("furnishers").   *See* 15 U.S.C. §§ 1681s-2(a), (2), (4), (5). Specifically, furnishers must satisfy five duties after receipt of notice of a consumer dispute from a CRA.  15 U.S.C. § 1681s-2(b)(1)(A-E).

## JURISDICTION & VENUE

8.     This Court has jurisdiction of this action for violations of the Fair Credit Reporting Act pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9.     Plaintiff is a consumer as defined by 15 U.S.C. § 1681a(c).

10.    Defendant Santander Consumer USA, Inc.  ("Santander") is a person who furnishes information to consumer reporting agencies under FCRA, 15 U.S.C. § 1681s-2[3], and conducts substantial and regular business activities in this judicial district.

11.    Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

---

[3] Plaintiff is making a claim against Santander under § 1681s-2(b).  Plaintiff is not making a claim against Santander under § 1681s-2(a).

12.     Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and conducts substantial and regular business activities in this judicial district.

13.     Equifax and Trans Union are referred to throughout as the "CRA Defendants."

FACTUAL ALLEGATIONS

14.     Plaintiff is a victim of identity theft.

15.     An impostor used Plaintiff's personal identifying information to apply for and open accounts without Plaintiff's authorization or consent.

16.     The imposter opened fraudulent accounts with creditors, including Santander, and possibly others.

17.     Plaintiff reported the theft of his identity to the Birmingham Police Department.

18.     The Birmingham Police Department categorized the type of incident or offense as "ID Theft."

19.     Defendants have been reporting false derogatory and inaccurate information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "false information").

20.     The false information includes credit information that does not belong to Plaintiff.

21.     The false information includes a Santander account.

22.     The Santander account was reported by at least one of the CRA Defendants with the trade line Santander Consumer USA and with the status "charged off" and a past due balance of $17,457.   Trans Union reported the Santander account as "Original Charge-off $28,808."

23.     The information is false because Plaintiff did not open an account with Santander.

24.     The balances, account ownership and payment history for the account described above is false because Plaintiff did not owe the aforementioned creditor for the balance because an impostor opened the account.

25.     The CRA Defendants provided the false information to third parties.

26.     The false information negatively reflects on Plaintiff, his credit history, financial responsibility as a debtor and his credit worthiness.

27.     Equifax prepared and issued credit reports concerning Plaintiff that include the false information.   Plaintiff notified Equifax that he disputed the accuracy of the information in his Equifax file.  In support of his dispute, Plaintiff provided Equifax with a copy of the police report described above. Equifax continued to report inaccurate information. Equifax did not block the disputed information within four (4) business days of receipt of Plaintiff's dispute and identity theft report.   Plaintiff asked Equifax to provide him with the steps it

undertook while reinvestigating the disputed information.   On at least one occasion, Equifax failed to provide Plaintiff with the steps it undertook pertaining to the reinvestigation of disputed information.

28.    Trans Union prepared and issued credit reports concerning Plaintiff that include the false information.   Plaintiff notified Trans Union that he disputed the accuracy of the information in his Trans Union file.   Trans Union continued to report false information.

29.    Plaintiff notified the CRA Defendants that their reporting of the Santander account was inaccurate.

30.    Plaintiff notified the CRA Defendants that the Santander account was not his.

31.    Equifax, Experian and/or Trans Union notified Santander of Plaintiff's dispute.

32.    Plaintiff notified Santander directly of his dispute.

33.    Santander notified Equifax, Experian and/or Trans Union that it verified the account.

34.    Santander did not conduct an investigation with respect to the disputed information.

35.    Santander did not contact Plaintiff concerning the accuracy of the account as a result of a dispute notification from a consumer reporting agency.

36.     Santander did not contact third parties concerning the accuracy of the account.

37.     Santander did not review underlying account documents, such as the application(s) for credit.

38.     Santander did not conduct any handwriting analysis on Plaintiff's signature or the signature on the account application(s).

39.     Santander did not make a reasonable inquiry into the disputed information.

40.     Santander did not review all relevant information provided by the CRA Defendants pertaining to the account.

41.     At least one consumer reporting agency notified Santander that it blocked or suppressed the Santander account.   Notwithstanding, Santander continued to report the account to at least one consumer reporting agency.

42.     At best, Santander verified the false information by confirming Mr. Lampkin's personal identifying information with the personal identifying information reported by the CRA Defendants.

43.     Santander failed to modify or delete the false account information.

44.     Santander failed to report the Santander Account as "Account in Dispute" to consumer reporting agencies.

45.     As a result of Defendants' failure to comply with the requirements of

the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

FIRST CLAIM FOR RELIEF
(against Trans Union)
(Negligent Noncompliance with FCRA)

46.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

47.     Trans Union negligently failed to comply with the requirements of the FCRA.

48.     As a result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

49.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF
(against Trans Union)
(Willful Noncompliance with FCRA)

50.    Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

51.    Trans Union willfully failed to comply with the requirements of the FCRA.

52.    As a result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

53.    Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF
(against Equifax)
(Negligent Noncompliance with FCRA)

54.    Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

55.    Equifax negligently failed to comply with the requirements of the

FCRA.

56.     As a result of Equifax's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

57.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

### FOURTH CLAIM FOR RELIEF
(against Equifax)
(Willful Noncompliance with FCRA)

58.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

59.     Equifax willfully failed to comply with the requirements of the FCRA.

60.     As a result of Equifax's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff

also seeks statutory and punitive damages in an amount to be determined by the jury.

61.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF
(against Santander)
(Negligent Noncompliance with FCRA)

62.     Plaintiff adopts and realleges the foregoing paragraphs and incorporates them herein by reference.

63.     Santander negligently failed to comply with the requirements of the FCRA, pursuant to 15 U.S.C. § 1681s-2(b).

64.     As a result of Santander's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

65.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681o(a).

## NINTH CLAIM FOR RELIEF
(against Santander)
(Willful Noncompliance with FCRA)

66.     Plaintiff adopts and realleges the foregoing paragraphs and

11

incorporates them herein by reference.

67.     Santander willfully failed to comply with the requirements of 15 U.S.C. § 1681s-2(b).

68.     As a result of Santander's failure to comply with the requirements of the FCRA, Mr. Lampkin suffered and continues to suffer actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, reduction in credit score, out of pocket expenses, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks statutory and punitive damages in an amount to be determined by the jury.

69.     Plaintiff requests attorneys' fees pursuant to 15 U.S.C. § 1681n(a).

70.     Plaintiff requests a jury trial on all issues so triable.

<u>PRAYER</u>

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

On the First Claim for Relief:

1.     Actual damages to be determined by the jury;

2.     Attorneys' fees; and

3.     Costs and expenses incurred in the action.

On the Second Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Third Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees; and

3.      Costs and expenses incurred in the action.

On the Fourth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

On the Fifth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Attorneys' fees; and

3.      Costs and expenses incurred in the action.

On the Sixth Claim for Relief:

1.      Actual damages to be determined by the jury;

2.      Statutory and punitive damages to be determined by the jury;

3.      Attorneys' fees; and

4.      Costs and expenses incurred in the action.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,

*/s/ Micah S. Adkins*
Micah S. Adkins (ASB-8639-I48A)
**THE ADKINS FIRM, P.C.**
301 19th Street North, Suite 581
Birmingham, AL 35203
Telephone:  (205) 458-1204
Facsimile:  (205) 208-9632
Email:       MicahAdkins@ItsYourCreditReport.com
*Representing Plaintiff*

14